**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| J. STROBER & SONS, LLC, | : | CIVIL ACTION NO. 08-2015 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| STROBER ROOFING, INC., and MICHAEL STROBER, | : |  |
| Defendants. | : |  |

**COOPER, District Judge**

The plaintiff, J. Strober & Sons, LLC ("JSS"), brought this action ("Federal Action") against the defendants — Strober Roofing, Inc. ("SRI") and Michael Strober — to, inter alia, recover damages for infringement under the Lanham Act, 15 U.S.C. § 1125(a).  (Dkt entry no. 1, Compl.)  SRI now cross-moves, inter alia, to compel arbitration between it and JSS.  (Dkt. entry no. 5.)  The Court has reviewed all papers filed on the docket and submitted to Chambers, even if they are not directly cited herein.  The Court will (1) grant the part of the cross motion seeking to compel arbitration on the papers, see Fed.R.Civ.P. 78(b), (2) direct that JSS and SRI are to proceed to arbitration, and (3) dismiss the complaint insofar as asserted against SRI without prejudice.

**BACKGROUND**

**I.   Facts**[1]

Michael Strober, Steven Strober, and Mark Wright, who are members of the same family, were the principals of JSS, a roofing company doing business in New Jersey and Pennsylvania.  Michael Strober agreed to transfer his interest in JSS to Steven Strober and Wright in 2005.  Litigation in New Jersey state court ensued, involving claims brought by (1) Steven Strober against Michael Strober and Wright, (2) Michael Strober against Steven Strober and Steven Strober's wife, Susan Strober, and (3) Wright against Steven Strober and Michael Strober.

The state court litigation was settled in January 2008.  Under the agreement therein ("2008 Agreement"), Michael Strober and Wright transferred their interests in JSS to Steven Strober and Susan Strober.  The 2008 Agreement also provides:[2]

> <u>Any disputes by or among the parties relating to this Agreement</u>, or the performance or non-performance of one or more of the parties in connection therewith, <u>shall be resolved pursuant to the New Jersey Alternative Procedure for Dispute Resolution Act [("NJAPDRA")]. . . with the Fiscal Agent being hereby selected and appointed by the parties to act as the umpire with</u>

---

[1]   The Court has drawn these facts, which appear to be uncontested, from the record.  (<u>See</u> Compl., at 2-5; dkt. entry no. 4, JSS 5-13-08 Br., at 1, 4-5; dkt. entry no. 4, 5-12-08 Steven Strober Cert., at 4-5; dkt. entry no. 5, 5-19-08 SRI Br., at 1-2; dkt. entry no. 15, 5-19-08 Cert., Ex. A, Agmt., at 1-2, 12, 16, 19; dkt. entry no. 16, 6-23-08 JSS Br., at 4.)

[2]   Emphasis herein added by the Court.

<u>respect to all such disputes</u>; provided, however, that the Superior Court of New Jersey . . . shall have sole authority to hear and adjudicate disputes relating to breaches or alleged breaches of [the confidentiality clause] of this Agreement and such other matters as may be properly submitted to the court pursuant to the [NJAPDRA] to effect the dispute resolution procedures set forth herein.  In the event that a party has a dispute with another party or part(ies) relating to this Agreement, and has been unable to resolve such dispute through negotiations with such other part(ies), such party shall give written notice to the Fiscal Agent and such other part(ies) of such party's demand for resolution by the Fiscal Agent pursuant to the [NJAPDRA], which notice shall set forth concisely the claims, and where appropriate the defenses, in dispute between or among the parties and the relief sought, including the amount of liquidated damages, if any.  The Fiscal Agent's determination of all disputes submitted to the Fiscal Agent shall be final and binding on the parties. . . . [T]he Superior Court of New Jersey . . . will retain jurisdiction over the parties and all matters relating to the Litigation among the parties as necessary to enforce any determinations made by it or by the Fiscal Agent pursuant to the terms thereof.  In connection therewith, the parties irrevocably consent to the exclusive jurisdiction of, and venue in, the Superior Court of New Jersey[.]

The 2008 Agreement, in the paragraph designated as "8(a)" ("Section 8(a)"), also states that Michael Strober "shall not, directly or indirectly (e.g., whether through any entity directly or indirectly owned or controlled by [him] . . .), solicit work with respect to, bid on, attempt to obtain or interfere with" JSS's contracts.  But the paragraph designated as "8(b)" ("Section 8b") states that "[e]xcept as provided in Section 8(a) and in this Section 8(b), [he has] the right to compete with

[JSS] without restrictions of any kind". Susan Strober, Michael Strober, Wright, and Steven Strober, on behalf of himself and JSS, signed the 2008 Agreement.

Michael Strober incorporated SRI in December 2007, and began to operate it as a roofing company in New Jersey and Pennsylvania — and thus compete with JSS — in February 2008. JSS alleges at least thirty instances "of confusion caused by Defendant's use of the Strober Roofing mark".

**II. Federal Action**

JSS brought the Federal Action on April 24, 2008, to, <u>inter alia</u>, recover damages for infringement under 15 U.S.C. § 1125(a), alleging that SRI was infringing on JSS's mark. JSS asserted in support of the complaint that the dispute was not the subject of a pending action or arbitration proceeding. (Dkt. entry no. 1, L.Civ.R. 11.2 Cert.) On May 7, 2008, SRI demanded arbitration. (5-19-08 SRI Br., at 3.)

JSS withdrew its claims asserted against Michael Strober without prejudice on May 30, 2008, leaving SRI as the sole defendant. (Dkt. entry no. 10.)

SRI now cross-moves (1) to compel arbitration, and (2) for an award of costs and fees. (Dkt. entry no. 5.) SRI concedes that it is bound by the 2008 Agreement because its principal, Michael Strober, is a signatory. (Dkt. entry no. 13, 6-13-08 SRI Br., at 6-7.)

**DISCUSSION**

**I.   Scope of Arbitration Agreements**

A district court will direct that parties to a dispute are to proceed to arbitration if the dispute falls within the scope of an arbitration agreement.  9 U.S.C. § 3, et seq. (Federal Arbitration Act); Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir. 2005); E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, 269 F.3d 187, 194 (3d Cir. 2001).  The court determines an arbitration agreement's scope. Gay v. CreditInform, 511 F.3d 369, 387 (3d Cir. 2007).  The court must resolve the arbitrability issue with a "healthy regard for the federal policy favoring arbitration", and thus resolve "any doubts concerning the scope of arbitrable issues . . . in favor of arbitration".  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).[3]

**II.  Applicability of 2008 Agreement to SRI**

JSS's argues that this dispute does not fall within the 2008 Agreement's scope because Michael Strober, rather than SRI, was

---

[3] JSS argues that the cross motion "is incorrectly denominated as a motion to compel arbitration.  More accurately, it can only be a motion to compel the parties to resolve disputes pursuant to the [NJAPDRA]."  (Dkt. entry no. 14, 6-16-08 JSS Br., at 3.)  However, both arbitration and the NJAPDRA (1) have the same goal:  to limit judicial involvement in a dispute, and (2) entail the waiver of certain rights by the parties to an agreement.  See Mt. Hope Dev. Assocs. v. Mt. Hope Waterpower Project, 712 A.2d 180, 184 (N.J. 1998).

the signatory.  (6-16-08 JSS Br., at 4-6.) The argument is without merit.

     Michael Strober and "any entity directly or indirectly owned or controlled by [him]" are bound by the 2008 Agreement's terms concerning competition with JSS.  JSS allegedly is aggrieved by SRI's operations, SRI is controlled by Michael Strober, and SRI does not contest that it is bound by the 2008 Agreement.  See E.I DuPont de Nemours & Co., 269 F.3d at 201 (recognizing plaintiff arbitration-agreement signatory can be compelled to arbitrate with defendant non-signatory, when defendant (1) relies on agreement, (2) in essence pierces own veil to show direct connection to non-plaintiff signatory, and (3) allegedly engaged in conduct intertwined with agreement).  JSS's withdrawal of its claims against Michael Strober is of no moment, as he controls SRI and, thus, its alleged conduct.  Taque v. Hurd, No. 04-5958, 2005 WL 1563350, at *2 (E.D. Pa. June 30, 2005) (stating defendant non-signatories may invoke arbitration agreement against plaintiff signatory where "there is a clear community of interest between them and the [non-plaintiff signatory]").  Thus, non-signatory SRI may invoke the 2008 Agreement entered into by Michael Strober.  Cf. Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 224 (3d Cir. 2007) (stating defendant non-signatory

agents may invoke arbitration agreement entered into by their principal in action brought by plaintiff signatory).[4]

JSS argues that the language of Section 8(b) — which provides Michael Strober with "the right to compete with [JSS] without restrictions of any kind", without immediately including language concerning entities controlled by him — shows that the 2008 Agreement was not intended to include disputes between JSS and SRI. (JSS 6-23-08 Br., at 10-11.) The argument is disingenuous, as the above-quoted statement in Section 8(b) is immediately preceded by the phrase "[e]xcept as provided in Section 8(a)"; Section 8(a) refers to the conduct of any entity controlled by Michael Strober.

### III. Applicability of 2008 Agreement to Federal Claim

JSS also argues that the 2008 Agreement does not cover Lanham Act claims. (6-16-08 JSS Br., at 4-6.) The argument is without merit. JSS's assertion of a claim pursuant to a federal statute does not remove this dispute from the 2008 Agreement's scope. "[F]ederal statutory claims can be appropriately resolved through arbitration", and agreements to arbitrate such claims are

---

[4] JSS withdrew its claims against Michael Strober without prejudice only. JSS may be attempting to bolster its argument that the 2008 Agreement does not apply, while preserving the possibility of pursuing arbitration or further litigation against Michael Strober if it does not prevail on its claims against SRI. The Court will not countenance duplicative proceedings.

fully enforceable.  Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 89 (2000).  The claims in the Federal Action, as they involve how SRI — which is under the control of Michael Strober — competes with JSS, touch matters that are covered by the 2008 Agreement.  See Baum v. Avado Brands, No. 99-700, 1999 WL 1034757, at *5 n.4 (N.D. Tex. Nov. 12, 1999) (stating same in granting motion to compel arbitration in action involving Lanham Act claim).

JSS also argues that the type of dispute now at issue was not foreseen, and thus not covered by the 2008 Agreement.  (6-16-08 JSS Br., at 11.)  However, the possibility that Michael Strober — who was permitted under the terms of the 2008 Agreement to compete with JSS — would operate a business using his last name, in the very least, should have been contemplated.

**IV.  Part of Cross Motion Seeking to Compel Arbitration**

JSS and its current principals, despite causing the expenditure of resources in the Federal Action, committed to participating in arbitration in the 2008 Agreement.  Furthermore, SRI concedes that it is bound by the 2008 Agreement.  Thus, the Court will (1) grant the part of the cross motion seeking to compel arbitration, (2) direct JSS and SRI to proceed to arbitration in the format directed by the 2008 Agreement, and (3) dismiss the complaint without prejudice, in order to permit the

parties to pursue any relief thereafter in the proper court if necessary.[5]

## V.  Part of Cross Motion Seeking an Award of Costs and Fees

SRI also seeks an award of costs and fees in its favor.  The Court will exercise the discretion to deny that part of the cross motion as unjustified at this juncture.  The Court does not find that JSS — although acting in an ill-advised manner — acted in bad faith in bringing the Federal Action, in view of the history of acrimony here.  See Giangiulio v. HD Brous & Co., No. 02-3844, 2002 WL 32130289, at *2 (E.D. Pa. Oct. 8, 2002) (granting part of motion seeking to compel arbitration, but denying part seeking award of costs).

---

[5]  "[T]he Superior Court of New Jersey . . . shall have sole authority to hear and adjudicate disputes relating to breaches or alleged breaches of [the confidentiality clause] of this Agreement and such other matters as may be properly submitted to the court pursuant to the [NJAPDRA] to effect the dispute resolution procedures set forth herein. . . . [T]he Superior Court of New Jersey . . . will retain jurisdiction over the parties and all matters relating to the litigation among the parties as necessary to enforce any determinations made by it or by the Fiscal Agent pursuant to the terms thereof.  In connection therewith, the parties irrevocably consent to the exclusive jurisdiction of, and venue in, the Superior Court of New Jersey[.]"  (Agmt., at 12 (emphasis added).)

State courts can exercise jurisdiction over claims concerning the Lanham Act.  In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 134 F.3d 133, 142 n.3 (3d Cir. 1998).

**CONCLUSION**

The Court, for the aforementioned reasons, will (1) grant the part of the cross motion seeking to compel arbitration, (2) deny the part of the cross motion seeking costs and fees, (3) direct that JSS and SRI are to proceed to arbitration, and (4) dismiss the complaint insofar as asserted against SRI without prejudice.

The Court, in view of the disposition of the cross motion, will deny JSS's motion to preliminarily enjoin certain conduct by SRI without prejudice.  (Dkt. entry no. 4.)  JSS may pursue that relief in an arbitration proceeding, as indicated by the far-reaching language in the 2008 Agreement, see Greene v. Chase Manhattan Auto. Fin. Corp., Nos. 03-2179 & 03-2640, 2003 WL 22872102, at *6 (E.D. La. Dec. 3, 2003) (stating arbitration agreement's broad language provides arbitrator wide latitude to fashion relief, including issuance of preliminary injunction), and thereafter in a proper court if necessary.

The Court will issue an appropriate order and judgment.[6]

                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Dated:    September 26, 2008

---

[6] The Court, during a telephone conference with the parties, stated that further briefing might be required on the issue of jurisdiction.  (Dkt. entry no. 7.)  The Court has determined that further briefing is not necessary.